403 So.2d 44 (1981)
STATE of Louisiana
v.
Timothy Carl DARBY.
No. 80-KA-2782.
Supreme Court of Louisiana.
June 22, 1981.
Rehearing Denied September 4, 1981.
*46 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., William J. Burris, Byron P. Legendre, Ross Brupbacher, Michael Harson, Asst. Dist. Attys., for plaintiff-appellee.
Kenneth W. DeJean, Baton Rouge, for defendant-appellant.
WATSON, Justice.[*]
Defendant, Timothy Carl Darby, was convicted of the second degree murder of Charles Alfred in violation of LSA-R.S. 14:30.1.[1] He was sentenced to life imprisonment without benefit of parole, probation or suspension of sentence for a period of forty years. Darby has appealed his conviction and sentence, assigning eleven errors by the trial court.

FACTS
On March 2, 1978, Darby had been drinking and smoking marijuana with Rickey Landry, Vincent Gautreaux and Terry Hargrave. The four young white men went to Rome's Amusement Center and encountered two young black men, Charles Alfred and Randy Collins. Rickey Landry provoked a fight with Randy Collins. Alfred, Gautreaux and Darby joined in the fray. When Alfred tried to run away, he was chased by Darby, Gautreaux and Landry. Alfred defended himself with a cane, but died of knife wounds inflicted by his pursuers. All three had knives. The critical injury was a stab in the chest which penetrated the heart. Gautreaux and Darby carried "buck" knives, the size of which was consistent with the fatal wound. Darby testified at his trial. He admitted having a knife, being involved in the fight and chasing Alfred, but denied that he had stabbed him.

ASSIGNMENTS OF ERROR NUMBER ONE AND SIX
Defendant contends that the trial court erred in allowing photographs of the crime scene and the victim into evidence. The photographs are not particularly gruesome and are relevant to the circumstances of Alfred's death. They were properly admitted into evidence. State v. Matthews, 354 So.2d 552 (La.,1978).
These assignments lack merit.

ASSIGNMENT OF ERROR NUMBER TWO
Tracy James Suire, a witness for the state, saw Darby "clowning around" with his knife earlier that day. (Tr. 457) Suire was cross-examined about his familiarity with knives. When defense counsel attempted to ask Suire if he had ever played with a knife, the state's objection was sustained. Defendant contends the ruling was erroneous.
Suire's past experience with knives was irrelevant to any issues in the trial. The trial court did not abuse its discretion *47 in curtailing the cross-examination. LSA-R.S. 15:275.[2]
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER THREE
Keith James Delino, who witnessed the commencement of the fight, was asked to give his opinion about the effect of marijuana cigarettes on a person's memory. The state's objection was sustained, and defendant assigns this as error.
Delino's opinion on the subject was not competent evidence. LSA-R.S. 15:463.[3] He was not qualified as an expert. No showing was made that the witness had special training or experience in the use of marijuana. LSA-R.S. 15:464.[4] The state's objection was properly sustained.
This assignment of error lacks merit.

ASSIGNMENT OF ERROR NUMBER FOUR
Defendant contends that the trial court erred in admitting into evidence an inculpatory statement made by Darby at the time of his arrest. After being advised of his rights, Darby stated: "If I talk about it I will have to burn myself so I'd rather go down in silence." (Tr. 536) The statement was voluntary and the defense was advised that the state intended to use it at trial. LSA-C.Cr.P. art. 768.[5]
The state is not entitled to use a defendant's custodial silence against him at trial. Doyle v. Ohio, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). Here, Darby's own reference to his "silence" was an unavoidable incident to his voluntary statement. At trial, Darby explained that the police had accused him of Alfred's death; he remained silent because he was frightened and wanted his lawyer present. The state did not attempt to exploit the issue. State v. Smith, 336 So.2d 867 (La.,1976). Use of the statement was not fundamentally unfair under these circumstances. Doyle, supra. The trial court did not err in admitting the statement into evidence.
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER FIVE
Defendant contends that two state exhibits were admitted into evidence without a proper chain of custody being established. There was no objection to the exhibits at trial. LSA-C.Cr.P. art. 841.[6] Defendant's right to object to the exhibits has been waived. State v. Marcell, 320 So.2d 195 (La.,1975).
This assignment lacks merit.

*48 ASSIGNMENT OF ERROR NUMBER EIGHT
Defendant contends that the trial court erred in allowing Patricia Lavergne to testify that Darby told her he had been in a fight. The evidence was hearsay and should have been excluded. However, the testimony was cumulative, because there was ample other evidence that Darby had been involved in a fight that day. He testified that he had been involved in the fight and there was testimony to that effect from eyewitnesses. The error is harmless. LSA-C.Cr.P. art. 921.[7]
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER NINE
Defendant contends that the trial court erred in admitting hearsay testimony from state witness Terry Hargrave. Hargrave left Rome's with Darby, Landry and Gautreaux and testified that there was no conversation in the car about what had happened. The statement that there was no conversation was not hearsay and the objection was properly overruled.
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER TEN
Defendant contends that there was insufficient evidence to prove his guilt.
Chad Romero, an eyewitness, testified that Landry, Darby and Gautreaux took turns cutting at Alfred with two knives. Another witness, Mark L. Glenn, saw each of the three holding a knife during the course of the fight. Darby admitting being involved in the fight and having a knife on his person. Terry Hargrave testified that Darby said: "I finally killed a nigger." (Tr. 657).
Any rational trier of fact could have concluded beyond a reasonable doubt that Darby was guilty of the murder. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER ELEVEN
Counsel contends that the trial court denied defendant due process of law and the right to confront witnesses when Vincent Gautreaux was allowed to assert his privilege against self-incrimination. It is reversible error to allow a witness to claim a blanket privilege. State v. Wilson, 394 So.2d 254 (La.,1981).
Witness Gautreaux declined to answer questions concerning "the evening of March 2nd, 1978, at Rome's Amusement Center." (Tr. 717) The trial court determined that the silence was justified, because any testimony about that evening could have been injurious. Hoffman v. United States, 341 U.S. 479, 71 S.Ct. 814, 95 L.Ed. 1118 (1951).
This trial commenced on January 16, 1979. Although Gautreaux had been convicted for his participation in the murder, his conviction was not final. See State v. Gautreaux, 377 So.2d 289 (La.,1979). That opinion was rendered on November 1, 1979, and a rehearing was denied on December 13, 1979. Had a new trial been ordered for Gautreaux, any testimony at Darby's trial might have been used against him. Gautreaux had testified at his own trial, but was entitled to waive silence at that trial and assert the right in a subsequent trial. State v. Knowles, 395 So.2d 678 (La.,1981). The trial court did not err in ruling that any testimony by Gautreaux about the events of March 2, 1978, might have incriminated him.[8]State v. Williams, 301 So.2d 587 (La.,1974). In this factual *49 context, no purpose would have been served in requiring a question-by-question assertion of Gautreaux's privilege.
This assignment lacks merit.
For the foregoing reasons, the conviction and sentence of defendant, Timothy Carl Darby, are affirmed.
AFFIRMED.
DIXON, C. J., concurs.
CALOGERO, Justice, concurring in denial of rehearing:
While I agree that the conviction and sentence in this case should be affirmed, there being no merit to defendant's assignments of error, I concur in the denial of rehearing because of the majority treatment of assignment of error number eleven. Any prejudice to defendant by not requiring the witness to assert the Fifth Amendment privilege question by question, see State v. Wilson, 394 So.2d 254 (La. 1981), is minimal in light of the fact that defendant succeeded in putting into evidence an earlier statement by this witness which exculpated defendant.
NOTES
[*] Judges Morris A. Lottinger, Wallace A. Edwards, and Elven E. Ponder of the Court of Appeal, First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Marcus, Blanche and Watson.
[1] LSA-R.S. 14:30.1 provides:

"Second degree murder is the killing of a human being:
"(1) When the offender has a specific intent to kill or to inflict great bodily harm: or
"(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.
"Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence."
[2] LSA-R.S. 15:275 provides:

"In the discipline of his court, the trial judge is vested with a sound discretion to stop the prolonged, unnecessary and irrelevant examination of a witness, whether such examination be direct or cross, and even though no objection be urged by counsel."
[3] LSA-R.S. 15:463 provides:

"Except as otherwise provided in this Code, the witness can testify only as to facts within his knowledge, and neither as to any recital of facts heard by him, nor as to any impression or opinion that he may have."
[4] LSA-R.S. 15:464 provides:

"On questions involving a knowledge obtained only by means of a special training or experience the opinions of persons having such special knowledge are admissible as expert testimony."
[5] LSA-C.Cr.P. art. 768 provides:

"If the state intends to introduce a confession or inculpatory statement in evidence, it shall so advise the defendant in writing prior to beginning the state's opening statement. If it fails to do so a confession or inculpatory statement shall not be admissible in evidence."
[6] LSA-C.Cr.P. art. 841 provides:

"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings or orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
"The requirement of an objection shall not apply to the court's rulings on any written motion."
[7] LSA-C.Cr.P. art. 921 provides:

"A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused."
[8] There is no indication that Gautreaux's testimony would have been clearly exculpatory. He had given conflicting versions of the events of March 2 and denied at one point that Darby had done any stabbing. (Tr. 1976) Darby could nonetheless have been a principal in the crime. LSA-R.S. 14:24. See State v. Landry, 388 So.2d 699 (La.,1980).