# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 07-665

STATE OF LOUISIANA

VERSUS

P. T., SR.

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 10022-04
HONORABLE ROBERT L. WYATT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

### MARC T. AMY
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

**John F. DeRosier**
**District Attorney**
**Post Office Box 3206**
**Lake Charles, LA   70602-3206**
**(337) 437-3400**
**COUNSEL FOR APPELLEE:**
    **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**Post Office Box 1747**
**Lake Charles, LA   70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **P.T., Sr.**

**P.T., Sr.**
**Rayburn Correction Center -  Sleet2**
**27268 Highway 21**
**Angie, LA   70426-3030**

AMY, Judge.

## Factual and Procedural Background

T.S.,[1] the stepdaughter of the defendant, P.T., Sr., alleged that over a two-year period, she and the defendant engaged in various sexual acts, including sexual intercourse. The defendant was charged by bill of indictment with aggravated incest in violation of La.R.S. 14:78.1. Following a bench trial, the trial court found the defendant guilty as charged and sentenced him to twelve years at hard labor, to be served without benefit of probation, parole, or suspension of sentence. The defendant now appeals, designating the following as error:

1. The trial court abused its discretion in refusing to require the State's witness, T.C., to be placed under the rule of sequestration.

2. The trial court denied P.T., Sr. due process of law and the right to present witnesses in his defense when it permitted Steven James Reinholdt to enter a blanket Fifth Amendment privilege against self-incrimination.

3. The trial court erred in allowing the State's witness to testify to "other crimes" evidence beyond the scope of discovery and further erred in denying defense counsel's [m]otion for mistrial.

4. The trial court erred in failing to sufficiently consider P.T., Sr.'s request to either act as co-counsel in his own defense or to be allowed to represent himself at trial.

5. The trial court erred in not assuring that P.T., Sr.'s waiver of his right to a jury trial was voluntarily entered.

6. The trial court erred in imposing the restriction against parole upon P.T., Sr.'s twelve year sentence, resulting in the imposition of an illegal sentence.

For the following reasons, we affirm as amended and remand with instructions.

---

[1] Pursuant to La.R.S. 46:1844(W), the initials of the victim and the defendant have been used.

**Discussion**

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find four errors patent.

First, the defendant received an illegally lenient sentence for aggravated incest[2] in that the trial court did not make any finding as to the defendant's ability to pay the victim's reasonable costs of counseling pursuant to La.R.S. 14:78.1(E), which provides in pertinent part: "In addition to any sentence imposed under Subsection D, the court shall, after determining the financial resources and future ability of the offender to pay, require the offender, if able, to pay the victim's reasonable costs of counseling that result from the offense." Thus, we remand the matter for the trial court to make a determination as to whether the defendant is able to pay, if any, "the victim's reasonable costs of counseling that result from the offense." If the trial court finds that the defendant has the ability to pay and that sums are owed, it shall amend the sentence for aggravated incest.

Second, the defendant's sentence is also illegally lenient because the trial court failed to deny the defendant diminution eligibility under La.R.S. 15:537(A), which requires that diminution of sentence be denied to all persons who are convicted of or plead guilty to sex offenses, including aggravated incest. Therefore, we amend the defendant's sentence to reflect that he is not eligible for diminution eligibility pursuant to La.R.S. 15:537(A). The trial court is instructed to make a notation in the minutes reflecting the amendment.

---

[2] Pursuant to *State v. Williams*, 00-1725 (La. 11/28/01), 800 So.2d 790 and La.Code Crim.P. art. 882, this court can recognize and correct illegally lenient sentences.

Third, the trial court imposed an illegal sentence when it denied the defendant the benefit of parole, probation or suspension of sentence. Louisiana Revised Statutes 14:78.1 does not require or authorize the denial of these benefits for the offense of aggravated incest. Thus, pursuant to La.Code Crim.P. art. 882, we amend the defendant's sentence by deleting the denial of parole, probation, or suspension of sentence. The trial court is instructed to make an entry in the minutes reflecting this change.

Fourth, the record does not indicate that the trial court advised the defendant of the prescriptive period for filing post-conviction relief as required by La.Code Crim.P. art. 930.8. The trial court is instructed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of its opinion and to file written proof that the defendant received the notice in the record of the proceedings. *State v. Roe*, 05-116 (La.App. 3 Cir. 6/1/05), 903 So.2d 1265, *writ denied*, 05-1762 (La. 2/10/06), 924 So.2d 163.

*Rule of Sequestration*

The defendant alleges that the trial court abused its discretion in failing to require, T.S.'s mother, T.C., to comply with the rule of sequestration. He argues that although T.S. was a minor at the time the offense occurred, she had obtained the age of majority before the trial proceedings began. Thus, according to the defendant, there was no need for T.C. to be present in the courtroom as a registered victim.

Louisiana Constitution Article I, § 25 states in pertinent part that "[a]s defined by law, a victim of crime shall have the right to reasonable notice and to be present and heard during all critical stages of preconviction and postconviction

3

proceedings[.]" Louisiana Code of Evidence Article 615 provides in pertinent part:

**A. As a matter of right.** On its own motion the court may, and on request of a party the court shall, order that the witnesses be excluded from the courtroom or from a place where they can see or hear the proceedings, and refrain from discussing the facts of the case with anyone other than counsel in the case. In the interests of justice, the court may exempt any witness from its order of exclusion.

**B. Exceptions.** This Article does not authorize exclusion of any of the following:

. . . .

(4) The victim of the offense or the family of the victim.

After reviewing the record, we find that the trial court did not abuse its discretion in not putting T.C. under the rule of sequestration. Pursuant to La.R.S. 46:1844(T)[3] and La.Code Evid. art. 615(B)(4), T.C.'s presence in the courtroom was not a violation of the rule of sequestration. Although the defendant alleges in his brief that his "ability to properly cross-examine [T.S.] during her testimony was hampered by the court's ruling[,]" he later concedes that "[i]t is impossible to look in hind-sight and evaluate what affect T.C.'s presence in the courtroom had on her own testimony as well as on the testimony of others, including her daughter T.S."

---

[3] Louisiana Revised Statutes 46:1844(T) provides in pertinent part:

(1) In order for a victim or designated family member to be eligible to receive notices hereunder and exercise the rights provided in this Chapter, the victim or designated family member must complete a form promulgated by the Louisiana Commission on Law Enforcement. The form shall be completed by the victim or designated family member and shall be filed with the law enforcement agency investigating the offense of which the person is a victim, as defined in this Chapter. The completed victim notice and registration form shall be included in the documents sent by the law enforcement agency to the district attorney for prosecution. The district attorney shall include the completed victim notice and registration form with any subsequent bill of information or indictment that is filed with the clerk of court.
. . . .

(3) The victim and designated family member shall have the right to register with the appropriate agency at any time and exercise prospectively the rights guaranteed by this Chapter.

The defendant has not shown that he was substantially prejudiced by T.C.'s presence in the courtroom during T.S.'s testimony; therefore, this assignment has no merit.

*Privilege Against Self-Incrimination*

The defendant contends that the "trial court denied [him] due process of law and the right to present witnesses in his defense when it permitted Steven James Reinholdt to enter a blanket Fifth Amendment privilege against self-incrimination."

In *State v. Darby*, 403 So.2d 44, 48 (La.1981), *cert. denied*, 454 U.S. 1152, 102 S.Ct. 1022 (1982), the supreme court held that "[i]t is reversible error to allow a witness to claim a blanket privilege [against self-incrimination]." However, the supreme court concluded that given the facts and circumstances of the case, "no purpose would have been served in requiring a question-by-question assertion of [the defendant's] privilege." *Id*. at 49. Moreover, in *State v. Haddad*, 99-1272, p. 5 (La. 2/29/00), 767 So.2d 682, 686, *cert. denied*, 531 U.S. 1070, 121 S.Ct. 757 (2001), the supreme court held that "[a]s a general proposition, when faced with resolving the tension between a witness' Fifth Amendment privilege against self-incrimination and a defendant's Sixth Amendment right to present a defense, this court has consistently recognized the witness's right not to incriminate himself."

The record shows that on the last day of trial, the defendant called Reinholdt as a witness. At that point, Ronald Ware, Reinholdt's attorney, informed the trial court that his client was incarcerated on allegations of sexual battery, and that he was under investigation for other sexual offenses including aggravated rape. Ware explained that he advised Reinholdt to invoke his Fifth Amendment privilege against self-incrimination and that if called, Reinholdt intended to invoke that right.

In response, the trial court articulated:

> I was informed that at least from a very basic standpoint that Mr. Reinholdt was possibly to be called in relation to some testimony from the alleged victim in this case. Her testimony, when questioned regarding whether or not she knew Mr. Reinholdt, was that she did not know Mr. Reinholdt. Quite honestly, Mr. Bouquet [defense counsel] indicated to me that I believe, and, Mr. Bouquet, please elaborate, I was informed that he wanted Mr. Reinholdt here to disprove that statement. With that proviso, do you still have your concerns, Mr. Ware?

Ware stated that given the seriousness of the charges that Reinholdt was possibly facing and his concern that Reinholdt may open the door to matters that could undermine his defense when he went to trial, he did not want Reinholdt testifying. He pointed out that if Reinholdt was found guilty of those charges, he could receive multiple life sentences.

Despite Reinholdt's and Ware's concerns, the defendant called Reinholdt to the stand. After asking Reinholdt to state his name and address for the record, defense counsel asked him if he knew T.S., to which he responded, "I plead the 5th." The trial court stated that it was not going to require Reinholdt to testify.

Given the circumstances, we find that the trial court did not err in permitting Reinholdt to invoke his Fifth Amendment privilege against self-incrimination. Although Reinholdt's testimony may have impeached T.S.'s testimony, thus raising the issue of her credibility, it does not offer any exculpatory testimony that would show that the defendant did not engage in sexual conduct with T.S. Moreover, the defendant did not allege that the scope of questioning would have gone beyond the issue of whether or not Reinholdt knew T.S. We note that while the defendant references the trial court's granting of a blanket Fifth Amendment privilege, the record indicates that there was only one issue on which Reinholdt was to be questioned and that he was invoking his privilege for that particular matter. Accordingly, the trial court did not err in recognizing Reinholdt's right to not

incriminate himself over the defendant's right to present a defense.

This assignment is without merit.

*Motion for Mistrial*

The defendant contends that the trial court erred in allowing testimony beyond the scope of discovery in that T.S. described an incident that occurred after September 28, 2003, the last date specified in the bill of indictment. According to the defendant, this constitutes an error in the substance of the indictment, for which the trial court should have granted a mistrial.

"The date of [the] offense is not a specific element of aggravated incest[.]" *State v. Foshee*, 99-1423, p. 6 (La.App. 3 Cir. 4/5/00), 756 So.2d 693, 696. Pursuant to La.Code Crim.P. art. 487,[4] there was no substantive defect in the indictment and thus, no basis for a mistrial. Moreover, we note that the trial court did not take into consideration any conduct that occurred outside the time frame referenced in the indictment.[5] Therefore, we find that the defendant's motion for a mistrial was

---

[4] Louisiana Code of Criminal Procedure Article 487 provides in pertinent part:

> A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.
>
> Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.

[5] In its oral ruling, the trial court stated:

> Now, [there's] been much to do regarding whether or not the only sexual behavior that might have taken place between these two people took place after this young lady turned the age of 17. Well, I believe the evidence reflects that that date, magical mystical date, was September 28th, 2003. The incident that brought this all to a head was November 9th or 10th, 2003. So, if I am to understand the quote, unquote, defense, as it would be, is that all of the sex that took place, all of the inappropriate behavior that took place, between these two people happened in about

7

properly denied by the trial court. Accordingly, this assignment has no merit.

*Representation*

The defendant argues that the trial court erred in failing to consider his request to act as co-counsel or to be allowed to proceed pro se at trial.

In *State v. Brown*, 03-897, p. 28 (La. 4/12/05), 907 So.2d 1, 22, *cert. denied*, 547 U.S. 1022, 126 S.Ct. 1569 (2006), the supreme court stated that "a defendant may elect to represent himself if the choice is 'knowingly and intelligently made' and the assertion of the right is 'clear and unequivocal.'" Both the defendant and his court appointed attorney were present at the hearing held on January 10, 2007. A discussion was held on the record regarding the defendant's motion to enter as co-counsel and/or as pro-se:

> [THE DEFENDANT]:
> I have just numerous case law that states that I have that right to have an

---

a six-week period. And I just don't believe that's what happened. I recall for everyone here that one of the things that the defense put into evidence, in fact the only thing that was submitted into the evidence by the defense, was the matter of the offense report dated May 2003. [T.S.] testified unequivocally that inappropriate behavior was happening between these parties at that time. She was 16. There's no doubt in my mind that this man is guilty of the charge of aggravated incest, and I'm finding [him] guilty at this time.

Furthermore, when the defendant commented, during his sentencing hearing, that T.S. was seventeen when he engaged in sexual activity with her, the trial court reiterated:

> I made it very clear in my ruling that I determine that there was no -- I did not find any sexual behavior at the age of 17. Okay? So let's go over that one more time.
>
> . . . .
>
> I've made it perfectly clear in my ruling and determination of your guilt that I did not take [that] into consideration for several reasons. One, because I didn't feel there was any evidence. And secondly, the Bill did not include that.
>
> . . . .
>
> And Mr. Bouquet made it perfectly clear. And that's another thing he aptly pointed out to the Court was that's something I could not take into consideration, and I did not.

8

attorney and be listed as co[-]counsel. Now, my understanding of the law Pro Se would mean that I would be my own attorney, period, without counsel, but co[-]counsel would be where I would be considered co[-]counsel to the main counsel. . . .

And it is, of course, under your discretion to allow me to be co[-]counsel, providing that, you know, I follow the rules of the Court, and I intend to do that, Your Honor, with your approval to this motion.

THE COURT:
I think you're right, but I'm not going to allow you to proceed totally without an attorney.

[THE DEFENDANT]:
No, sir.

THE COURT:
These charges are too serious.

[THE DEFENDANT]:
I'm not asking that. Pro Se would be that motion.

THE COURT:
The way I would propose it, and I'm going to make sure we understand each other. We have several motions to address here today, some of them you have filed yourself, some that Mr. Bouquet has filed.

[THE DEFENDANT]:
Yes, sir.

THE COURT:
Those that you have filed I'm going to allow you to argue. And you're going to follow the rules --

[THE DEFENDANT]:
Yes, sir.

THE COURT:
-- of procedure. Then I'm going to allow him to assist you. Are you going to let him help you?

[THE DEFENDANT]:
Yes, sir.

THE COURT:
The ones that he's filed he's going to take care of. Okay?

[THE DEFENDANT]:
Okay, sir.

This colloquy indicates that the defendant did not intend to represent himself. Rather, it shows that the defendant acquiesced in the trial court's ruling that defense counsel would be allowed to assist him and argue the motions filed by defense counsel.

On January 29, 2007, the date that his trial was set to begin, the trial court clarified its prior ruling regarding the defendant's request to act as co-counsel:

MRS. COCHRAN [Assistant District Attorney]:
Your Honor, as it relates to that [waiver of jury trial] I believe that his voicing of that request at the last hearing was in relation to his request to be co-counsel, and we had offered some objections. I'm not sure if that's still his -- you did not rule on that. You had indicated that you don't want him representing himself, that he wanted co-counsel, and you did not rule on that.

THE COURT:
I just -- Do you have an attorney at this time? . . . [Y]ou're very intelligent, I don't dispute that. I'm going to suggest that you give that intelligence -- let that intelligence assist you with Mr. Bouquet.

[THE DEFENDANT]:
And I will, Your Honor.

THE COURT:
I'm not going to let you start questioning witnesses, and we'll set out the rules --

[THE DEFENDANT]:
Right.

THE COURT:
-- but basically Mr. Bouquet's your attorney from now on.

[THE DEFENDANT]:
Well, that's another thing, we got to get some witnesses here for being questioned, and I think that's going to be a problem for the state, as far as the victim goes.

THE CLERK:
Your Honor, you're denying his request to be co-counsel?

THE COURT:
    Yes.

As the above colloquy illustrates, the defendant did not make a clear and unequivocal request to represent himself. Furthermore, when the trial court denied the defendant's motion on the day of trial, he did not lodge an objection. This assignment lacks merit insofar as the record demonstrates that the trial court considered the defendant's motion to enter as co-counsel and/or pro-se.

*Right to Jury Trial*

In this assignment of error, the defendant alleges that the "trial court erred in not assuring that [his] waiver of his right to a jury trial was voluntarily entered."

In *State v. Fuslier*, 06-1438, p. 13 (La.App. 3 Cir. 4/4/07), 954 So.2d 866, 874 (quoting *State v. Morris*, 607 So.2d 1000, 1001 (La.App. 3 Cir. 1992), *judgment set aside on other grounds*, 615 So.2d 327 (La.1993)), this court explained that, "[w]hile one who is entitled to a jury trial may waive that right, such waiver shall not be presumed but must be established by a contemporaneous record setting forth the articulated appraisal of that right followed by a knowing and intelligent waiver by the accused."

A review of the record reveals that the defendant initially requested a jury trial; however, he waived that right at the January 10, 2007 hearing. He stated that he was electing a bench trial so that he would be able to proceed as co-counsel.[6] A bench trial, according to the defendant, would eliminate any potential confusion or manipulation of the jury. The defendant reiterated his position on the date that his trial was set to begin:

---

[6] As addressed above, the defendant failed to unequivocally express his desire to act as co-counsel.

11

THE COURT:

> I understand. Again, Mr. Bouquet, do you know what your client wishes to do at this point, jury or non-jury?

MR. BOUQUET:

> I think he can answer, but he's advised me he wishes --

[THE DEFENDANT]:

> -- a trial by judge.

THE COURT:

> By judge only?

[THE DEFENDANT]:

> Yes, sir.

THE COURT:

> So you're waiving your right to a trial by jury?

[THE DEFENDANT]:

> That's correct.

The record supports the trial court's determination that the defendant knowingly and intelligently waived his right to a jury trial. Accordingly, this assignment of error is without merit.

### DECREE

For the above reasons, the defendant's conviction and sentence are affirmed. The defendant's sentence is amended to reflect that diminution eligibility is denied pursuant to La.R.S. 15:337(A). Additionally, the defendant's sentence is amended to delete the denial of probation, parole, or suspension of sentence. The trial court is instructed to note these amendments in the minutes. This matter is remanded to the trial court for its compliance with the provisions of La.R.S. 14:78.1(E) and amendment to the sentence for aggravated incest, if required. Lastly, the trial court is instructed to inform the defendant of the provisions of La.Code Crim.P. art. 930.8 by sending appropriate written notice to the defendant within ten days of the rendition

of its opinion and to file written proof that the defendant received the notice in the record of the proceedings.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**