# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 08-288

STATE OF LOUISIANA

VERSUS

D. F.

****************

**APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 06-1508
HONORABLE JOHN E. CONERY, DISTRICT JUDGE**

****************

**JAMES T. GENOVESE
JUDGE**

****************

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and James T. Genovese, Judges.

**AFFIRMED AS AMENDED.**

**J. Phil Haney - District Attorney, Sixteenth Judicial District
ADA Jeffrey J. Trosclair
St. Mary Parish Courthouse, 5th Floor
Franklin, LA 70538
(337) 828-4100, Ext. 550
COUNSEL FOR APPELLEE:**
      State of Louisiana

**Bernard F. Levy
209 Goode Street, Suite 204
Houma, LA 70360
(985) 851-5238
COUNSEL FOR DEFENDANT/APPELLANT:**
      D. F.

**GENOVESE, Judge.**

On August 28, 2006, the Iberia Parish Grand Jury indicted the Defendant, D. F.,[1] on two counts of aggravated rape, in violation of La.R.S. 14:42. On May 17, 2007, the Defendant entered into a plea agreement with the State, wherein the Defendant agreed to plead guilty to two counts of attempted aggravated rape. The plea agreement specified that the trial court would sentence the Defendant after considering the presentence investigation report (PSI).

The trial court sentenced the Defendant on December 6, 2007. Before imposing the penalty, the trial court considered the PSI and arguments presented by both sides. The trial court then, for reasons given, sentenced the Defendant to serve twenty-five years at hard labor without benefit of *parole*, probation, or suspension of sentence on each conviction. The trial court further designated that the penalties were to run concurrently and gave the Defendant credit for time served. Defense counsel verbally moved for reconsideration. After giving additional reasons, the trial court denied the motion.[2]

The Defendant now appeals his sentences and asserts any errors patent on the record. For the reasons set forth below, we affirm and amend the Defendant's sentences to strike only that language in the Defendant's sentences denying him *parole* eligibility.

**STATEMENT OF FACTS:**

At the Defendant's guilty plea hearing, the State gave the factual basis for the charges against the Defendant. The State represented to the trial court that two

---

[1]In compliance with Uniform Rules—Courts of Appeal, Rule 5–2, the Defendant's initials are used to protect the identity of his minor victims.

[2]The defense did not specify the basis of its objection to the sentences.

1

officers with the Lafourche Parish Sheriff's Office would have attested that, when they questioned him about molesting his two-year-old great-niece, the Defendant admitted to touching her inappropriately. The officers would have further testified that the Defendant told them that he had partially penetrated a second girl, his niece, with his fingers, tongue, and penis. The officers would have also testified that the Defendant informed them that he had rubbed his penis against a third juvenile female, another niece.

The prosecution further stated that the two older victims referred to in the Defendant's confession, if called to testify, would testify that the Defendant had sexual intercourse with them when they were under the age of thirteen. The State then established that, at the time of his guilty plea, the Defendant was fifty-two years of age. The bill of indictment charging the Defendant with two counts of aggravated rape alleges that the sexual misconduct occurred from January 1, 1985, when the victims were two and four years of age, through September 30 and August 8, 1994, the date the victims, respectively, turned twelve and fourteen years of age.

The trial court found that the facts established by the prosecution would have met the statutory requirements for aggravated rape.

**ERRORS PATENT / ASSIGNMENT OF ERROR NO. 2:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. The Defendant also assigns error to "[s]uch errors [as] are patent upon the face of the record." After reviewing the record, we find that there is one error patent which is assigned as error and will be addressed below.

The Defendant contends that "[t]he trial court committed reversible error in

2

imposing the sentence upon [Defendant] without benefit of probation, parole or suspension of sentence." The Defendant points out that La.R.S. 14:27 did not authorize the denial of parole, probation, and suspension of sentence for attempted aggravated rape until the August 15, 1995 effective date of 1995 La. Acts No. 988, § 1. Because he was not charged with any offenses later than September 1994, the Defendant urges this court to find that he was entitled to parole, probation, and suspension of sentence. The Defendant claims, therefore, that the trial court exceeded its authority and committed reversible error.

In its appellate brief, the State first contends that the trial court acted within its discretion in denying benefit of probation and suspension of sentence. Second, it argues that, because the Defendant failed to object to the illegality of his sentence, this court should not review this assignment of error. Finally, the State requests that this court remand the Defendant's case for resentencing should this court find that the trial court illegally denied the Defendant benefit of parole.

"An illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review." La.Code Crim.P. art. 882(A). If the correction of the illegal sentence involves the exercise of discretion, then the case must be remanded to the trial court for correction; however, if no sentencing discretion is required, the appellate court may correct the illegal sentence. *State v. Gregrich*, 99-178 (La.App. 3 Cir. 10/13/99), 745 So.2d 694 (citing *State v. Fraser*, 484 So.2d 122 (La.1986)).

At the time the Defendant committed the offenses in question, the statute for aggravated rape did not provide for the death penalty; the death penalty was not added to the statute for aggravated rape of a child under twelve until 1995. 1995 La.

3

Acts No. 397, § 1. The Defendant is correct in asserting that the version of La.R.S. 14:27(D)(1) in effect at the time of the instant offenses did not authorize denial of parole, probation, or suspension of sentence in the Defendant's case. That statute read, "If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years." La.R.S. 14:27, prior to the effective date of 1995 La. Acts No. 988, § 1. Therefore, the Defendant is correct in asserting that, under La.R.S. 14:27 at the time of the instant offenses, the trial court was not authorized to deny the Defendant benefit of parole, probation, and suspension of sentence.

Likewise, the version of La.Code Crim.P. art. 893 in effect at the time of the offenses did not prohibit probation or suspension of sentence for first-time violent felony offenders. La.Code Crim.P. art. 893, as last amended by 1992 La. Acts No. 303, § 1. However, since its enactment in 1966, La.Code Crim.P. art. 893 has always provided that, in cases where probation and suspension of sentence are permissible, the trial court has the discretion to either grant or deny probation and suspension of sentence. 1966 La. Acts No. 310, § 1. Therefore, the Defendant was not automatically entitled to probation and suspension of sentence. In sentencing the Defendant, the trial court issued reasons for ruling in which it clearly expressed its desire that the Defendant fully serve his entire sentence and not be given probation or suspension of sentence. Accordingly, this court need not exercise discretion in order to determine that the trial court intended to deny the Defendant probation and suspension of sentence.

In *State v. Lefevre*, 02-2924, 02-3231 (La. 10/3/03), 855 So.2d 291, the supreme court ordered the deletion of the proviso ordering that the defendant's

4

aggravated burglary sentences were to be served without benefit of parole, probation, or suspension of sentence. Recently, this court has also corrected an illegal sentence by striking the language denying the defendant eligibility for the benefits of parole, probation, and suspension of sentence. *See State v. P.T.*, 07-665 (La.App. 3 Cir. 12/5/07), 970 So.2d 1255, *writ denied*, 08-26 (La. 5/30/08), 983 So.2d 895.

Accordingly, we find that the trial court acted within its discretion in denying probation and suspension of sentence and strike only the language in the Defendant's sentences that deny eligibility for parole. This court, in such situations in the past, has chosen to retain the language concerning the denial of the benefits of probation and suspension of sentence.

Recently, this court utilized this solution in *State v. Dupree*, 07-98, pp. 2-3 (La.App. 3 Cir. 5/30/07), 957 So.2d 966, 967 (case citations omitted):

> The trial court sentenced Defendant to serve fifteen years at hard labor with the first five years to be served without benefit of probation, parole, or suspension of sentence with credit for time served. When Defendant committed the present offense, the penalty provision for possession with the intent to distribute marijuana provided for a sentence of five to thirty years at hard labor and a fine of not more than $50,000.00. La.R.S. 40:966(B)(3). The penalty provision did not require the first five years to be served without benefit of probation, parole, or suspension of sentence.
>
> The trial court had the discretion to suspend all or part of Defendant's sentence and place him on probation, La.Code Crim.P. art. 893, but not the discretion to require that the first five years of his sentence be served without benefit of parole. Because Defendant's sentence includes a restrictive term beyond that provided in the sentencing provision of La.R.S. 40:966, it must be corrected. Accordingly, we amend Defendant's sentence to delete the denial of parole eligibility for the first five years. The trial court is instructed to make an entry in the minutes reflecting this change.

Thus, we find that the denial of probation and suspension of sentence was at the trial court's discretion and, therefore, only strike that language in the Defendant's sentences denying him benefit of parole.

## DISPOSITION

We affirm and amend the Defendant's sentences to strike the language denying the Defendant eligibility of parole and affirm the sentences as amended. Further, we direct the trial court to make a minute entry recording the amendment.

**AFFIRMED AS AMENDED.**