# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-97


STATE OF LOUISIANA

VERSUS

DEURLO DERRICK CHAMPAGNE


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON DAVIS, NO. CR-360-05-1
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Oswald A. Decuir, and Marc T. Amy, Judges.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**


**Michael Cade Cassidy**
**District Attorney**
**Post Office Box 1388**
**Jennings, LA 70546**
**(337) 824-1893**
**COUNSEL FOR APPELLEE:**
    State of Louisiana

**W. Jarred Franklin**
**Louisiana Appellate Project**
**3001 Old Minden Road**
**Bossier City, LA 71112**
**(318) 746-7467**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    Deurlo Derrick Champagne

AMY, Judge.

On April 19, 2005, the defendant, Deurlo Derrick Champagne, was driving a rental vehicle from Texas to Florida when he and his passenger were stopped by a Louisiana State Trooper for a traffic violation. Thirty pounds of marijuana were subsequently discovered in the vehicle's trunk. The defendant and his passenger were arrested and charged with possession of marijuana with intent to distribute, a violation of La.R.S. 40:966. The defendant pled guilty and was sentenced to ten years at hard labor, with the first five years to be served without the benefit of probation, parole, or suspension of sentence. He was given credit for time served. Upon the denial of his motion to reconsider sentence, the defendant perfected this appeal, arguing the excessiveness of his sentence. For the following reasons, we affirm as amended and remand with instructions.

## Discussion

*Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find one error patent in need of correction.

Louisiana Revised Statutes 40:966(B)(3) states that the penalty for possession of marijuana with intent to distribute is imprisonment at hard labor "for not less than five nor more than thirty years" and "a fine of not more than fifty thousand dollars." Here, the trial court sentenced the defendant to ten years at hard labor, with the first five years to be served without the benefit of parole, probation, or suspension of sentence. The statute does not require or authorize the denial of these benefits. Therefore, pursuant to La.Code Crim.P. art. 882, we amend the defendant's sentence to delete the denial of parole, probation, or suspension of sentence for the first five

years of his sentence. *See State v. Yarbrough*, 596 So.2d 311 (La.App. 3 Cir.), *writ denied*, 599 So.2d 317 (La.1992) (wherein this court amended the portion of the defendant's sentence that precluded parole, probation, or suspension of sentence where the preclusion of those benefits was not authorized by statute). The trial court is instructed to note the amendment in the court minutes.

*Excessive Sentence*

In his sole assignment of error, the defendant argues that his sentence "is excessive for this offender and offense." He contends that the trial court did not adequately consider certain mitigating factors. The defendant points out that prior to his arrest in this case, he "had led an otherwise law-abiding life, been a productive member of society (as evidenced by his work record) and supported his family." He contends that his imprisonment would cause excessive hardship on his dependents.

In *State v. Barling*, 00-1241, 00-1591, p.12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, this court articulated the standard for reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

2

Pursuant to La.R.S. 40:966(B)(3), a person convicted of possession of marijuana with intent to distribute shall serve "a term of imprisonment at hard labor for not less than five nor more than thirty years, and pay a fine of not more than fifty thousand dollars." Here, the defendant received a ten-year sentence at hard labor. In its reasons for sentencing, the trial court explained:

> You graduated from Woodham School in Pensacola, Florida. You also attended Pensacola Junior College for one (1) year where you studied criminal justice. Growing up, you worked for your grandfather doing logging work. You also stated that you started your own auto detail business in 1998 which you ran for three (3) or four (4) years. You sold the business in 2001, and then obtained your CDL license and started driving trucks across country with Wallace Sanders Trucking. You now own your dump truck and drive locally.

> The Pre-Sentence Investigation states that you do not have a juvenile criminal history. You have several criminal charges in your history beginning in 1994, although the majority of the charges against you were traffic violations. You were convicted of Possession of a Controlled Substance without a Prescription in Florida on May 14, 1996, and were sentenced to probation; however, your probation was revoked, and you served six months in the county jail. You were also arrested on new drug charges in Texas less than one (1) month after your arrest in this matter. You were sentenced in June 2006 to eight (8) years deferred probation in Jefferson County, Texas.

> According to the Pre-Sentence Investigation, on April 19, 2005, you were arrested by the Louisiana State Police for **POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE**. . . . On May 22, 2006, you pled guilty to the charge of **POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE**. . . . It should be noted, however, that this is your second felony conviction.

> In reviewing the Pre-Sentence Investigation, the Court takes note of the fact that you are thirty-three (33) years of age and that you have five (5) children in your household. This has been taken into consideration in mitigating against imposition of the maximum sentence in this matter. However, the Court can find no other mitigating factors.

> Your involvement in criminal activity involving drug offenses demonstrate[s] to this Court that you cannot live in society and that this community must be protected from you. You are certainly in need of correctional treatment in a custodial environment for a significant period of time. Anything less would deprecate from the seriousness of your

offense, would not promote respect for the law, and would not provide a just punishment for the crime of which you stand convicted. This Court has an obligation to protect the public from you and will do so by removing you from society.

After reviewing the record, we do not find that the defendant's sentence is excessive. We note that this is the defendant's third drug conviction and that he was sentenced to one-third of the statutory maximum for this offense. Because the defendant did not raise in his motion for reconsideration of sentence, the mitigating factors of his "otherwise law-abiding life" and the excessive hardship on his dependents, he cannot raise those issues for the first time on appeal. *See* La.Code Crim.P. art. 881.1(E) and Uniform Rules – Courts of Appeal, Rule 1-3. However, we note that the trial court gave adequate consideration to those mitigating factors, as evidenced in its reasons for sentencing. Given the circumstances, we find that the trial court did not abuse its discretion in imposing sentence.

This assignment is without merit.

## DECREE

For the foregoing reasons, the defendant's sentence is affirmed. The defendant's sentence is amended to delete the denial of probation, parole, or suspension of sentence for the first five years of his sentence. This matter is remanded to the trial court with instructions to make a notation in the minutes reflecting the amendment.

**AFFIRMED AS AMENDED; REMANDED WITH INSTRUCTIONS.**

4