# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 07-98


**STATE OF LOUISIANA**

**VERSUS**

**CHRISTOPHER TROMONDO DUPREE**


************

APPEAL FROM THE
THIRTY-FIRST JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON DAVIS, NO. CR-360-05-2,
HONORABLE WENDELL R. MILLER, DISTRICT JUDGE

************

## MICHAEL G. SULLIVAN
## JUDGE

************

Court composed of Michael G. Sullivan, Billy Howard Ezell, and J. David Painter, Judges.


**SENTENCE AFFIRMED AS AMENDED.**

Annette Fuller Roach
Louisiana Appellate Project
Post Office Box 1747
Lake Charles, Louisiana 70602-1747
(337) 436-2900
Counsel for Defendant/Appellant:
　　　Christopher Tromondo Dupree

Michael Cade Cassidy
District Attorney
Bennett R. Lapoint
Assistant District Attorney
Post Office Box 1388
Jennings, Louisiana 70546
(337) 824-1893
Counsel for:
　　　State of Louisiana

SULLIVAN, Judge.

On May 4, 2005, Defendant, Christopher Tromondo Dupree, and Deurlo Derrick Champagne were charged with possession of marijuana with intent to distribute, in violation of La.R.S. 40:966. At their May 16, 2005 arraignment, both men pled not guilty. Thereafter, Defendant accepted a plea agreement and pled guilty to the charged offense. In November 2006, the trial court sentenced him to serve fifteen years at hard labor with the first five years to be served without benefit of probation, parole, or suspension of sentence with credit for time served.

Defendant filed a Motion to Reconsider Sentence, which the trial court denied. He then filed a Motion and Order to Appeal Sentence. In his brief, Defendant assigns four errors. Three of the assignments concern his conviction; one concerns his sentence. For the following reasons, we amend Defendant's sentence and affirm it as amended.

## Facts

When he pled guilty, Defendant admitted that on April 19, 2005, he was a passenger in a rental car driven by Mr. Champagne and that they were transporting thirty pounds of marijuana from Texas to Florida for distribution.

## Defendant's Conviction

Defendant assigns the following errors with his sentence, which he contends constitute reversible error: 1) his attorney failed to seek review of or preserve for appellate review the trial court's ruling on his motion to suppress, which constituted ineffective assistance of counsel; 2) his lawyer's representation of his co-defendant caused mixed loyalties, which also constituted ineffective assistance of counsel because his lawyer was not free to fully explore all plea bargain avenues available to him, especially those that would be beneficial to him but detrimental to his co-

defendant; and 3) the trial court failed to advise him of his right to conflict-free representation as required by La.Code Crim.P. art. 517 before accepting his guilty plea.

In his Motion and Order to Appeal Sentence, Defendant appealed his sentence on the basis that it is excessive; he did not appeal his conviction. Therefore, the trial court entered an order of appeal solely for his sentence, and Defendant's claims attacking his conviction are not properly before this court for review. There is jurisprudence which holds that an appellate court should consider assignments of error not filed with the trial court. However, Defendant assigns error with a judgment he did not appeal, his conviction. Accordingly, the three assignments of error which concern his conviction are not properly before this court and will not be addressed.

### *Errors Patent*

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Defendant assigns the one error patent found herein as his fourth assignment of error; he complains that his sentence violates the sentencing provisions of La.R.S. 40:966(B).

The trial court sentenced Defendant to serve fifteen years at hard labor with the first five years to be served without benefit of probation, parole, or suspension of sentence with credit for time served. When Defendant committed the present offense, the penalty provision for possession with the intent to distribute marijuana provided for a sentence of five to thirty years at hard labor and a fine of not more than $50,000.00. La.R.S. 40:966(B)(3). The penalty provision did not require the first five years to be served without benefit of probation, parole, or suspension of sentence.

2

The trial court had the discretion to suspend all or part of Defendant's sentence and place him on probation, La.Code Crim.P. art. 893, but not the discretion to require that the first five years of his sentence be served without benefit of parole. Because Defendant's sentence includes a restrictive term beyond that provided in the sentencing provision of La.R.S. 40:966, it must be corrected. *State v. Sanders*, 04-17 (La. 5/14/04), 876 So.2d 42. Accordingly, we amend Defendant's sentence to delete the denial of parole eligibility for the first five years. *See State v. Gregrich*, 99-178 (La.App. 3 Cir. 10/13/99), 745 So.2d 694, and *State v. Buckley,* 02-1288 (La.App. 3 Cir. 3/5/03), 839 So.2d 1193. The trial court is instructed to make an entry in the minutes reflecting this change. *See State v. Tate*, 99-1483 (La. 11/24/99), 747 So.2d 519.

### *Disposition*

Defendant's assignments of error pertaining to his conviction are not properly before this court and have not been considered. Defendant's sentence is amended to delete the provision that the first five years of said sentence must be served without benefit of parole.

**SENTENCE AFFIRMED AS AMENDED.**