# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-128

STATE OF LOUISIANA

VERSUS

ROBERT WAGNER, JR.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 04-1730
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

**********

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.

AFFIRMED AND REMANDED WITH INSTRUCTIONS.

Honorable J. Phillip Haney
District Attorney, 16th Judicial District Court
300 Iberia Street - Suite 200
New Iberia, LA 70560
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Jeffrey J. Trosclair
Assistant District Attorney, 16th Judicial District Court
St. Mary Parish Courthouse
Franklin, LA 70538
Telephone:  (337) 828-4100
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

**Sherry Watters**
**Louisiana Appellate Project**
**P. O. Box 58769**
**New Orleans, LA 70158-8769**
**Telephone: (504) 723-0284**
**COUNSEL FOR:**
      **Defendant/Appellant - Robert Wagner, Jr.**

**THIBODEAUX, Chief Judge.**

Defendant, Robert Wagner Jr., pled guilty to one count of possession with intent to distribute cocaine. As part of Defendant's plea agreement, all ancillary charges against him were dismissed. Defendant was sentenced to twelve years imprisonment at hard labor; all but six years were suspended. Defendant's sentence was to run concurrently with another sentence in a separate docket number. Defendant was also sentenced to five years of probation, fined $2,000, and ordered to pay a fee of $2,000 to the 16th Judicial District Court ACL Crime Lab Fund for the cost of the investigation. He appeals on the basis of excessiveness of sentence and failure of the trial court to properly consider mitigating factors. These claims are meritless. We, therefore, affirm. We remand to the trial court for the imposition of a specific payment plan for the payment of fines and costs, including fees to the 16th Judicial District Court ACL Crime Lab Fund. The plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. *See State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597.

## ISSUES

The issues before this court are:

(1) whether the trial court failed to consider, as a mitigating factor, the small amount of cocaine in Defendant's possession?

2) whether the trial court imposed an unconstitutionally excessive sentence on Defendant?

## FACTUAL/PROCEDURAL BACKGROUND

On September 9, 2004, Robert Wagner Jr. was arrested for possession with intent to distribute cocaine. During this incident, Defendant kicked out the window of the patrol car and escaped. He was later found hiding in his parents'

home, at which time police found 0.96 grams of cocaine. Prior to this incident, Defendant had been released on bond following other drug-related offenses.

As part of his plea agreement, the State agreed to dismiss all ancillary charges against Defendant. On November 15, 2005, Defendant withdrew his former plea of not guilty and entered a plea of guilty to one count of possession with the intent to distribute cocaine. On August 24, 2006, Defendant was sentenced to twelve years imprisonment, with hard labor; all but six years were suspended. Defendant's sentence was to run concurrently with another sentence for possession of testosterone and possession of nandrolone in docket number 05-1805. In addition, Defendant was ordered to pay a fine of $2,000 and a fee of $2,000 to the 16th Judicial District Court ACL Crime Lab Fund for the cost of the investigation. Upon release from incarceration, Defendant was to be placed on probation for five years. After sentencing, Defendant filed a Motion to Reconsider, arguing that the trial court had failed to consider the small amounts of drugs involved and that the sentence imposed on Defendant was excessive. The trial court denied Defendant's Motion to Reconsider, and he now appeals.

## LAW AND DISCUSSION

Defendant raises two issues on appeal. First, that the trial court imposed an unconstitutionally excessive sentence on him, and second, that the trial court failed to consider the mitigating factors under La.Code Crim.P. art. 894.1. Upon review, an appellate court may not set aside a sentence as excessive unless there was a manifest abuse of discretion by the trial judge. *State v. Lanclos*, 419 So.2d 475 (La.1982). Further, when reviewing excessive sentence claims, this court has set forth the following standard:

2

The Eight Amendment to the United States Constitution and La.Const. art. 1, § 20 prohibit the imposition of cruel or excessive punishment. "'[T]he excessiveness of a sentence becomes a question of law reviewable under the appellate jurisdiction of this court.'" *State v. Dorthey*, 623 So.2d 1276, 1280 (La.1993) [(]quoting *State v. Sepulvado*, 367 So.2d 762, 764 (La.1979)). Nevertheless, the trial court is given wide discretion in imposing a sentence, and, absent a manifest abuse of that discretion, we will not deem as excessive a sentence imposed within statutory limits. *State v. Pyke*, 95-919 (La.App. 3 Cir. 3/6/96), 670 So.2d 713. […] The only relevant question for us to consider on review is not whether another sentence would be more appropriate, but whether the trial court abused its broad discretion in sentencing a defendant. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Davenport*, 07-254, pp. 3-4 (La.App. 3 Cir. 10/3/07), 967 So.2d 563, 565.

**Excessiveness of Sentence**

To decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals, this court has reasoned:

[A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

3

Defendant pled guilty to one count of possession with the intent to distribute cocaine which, pursuant to La.R.S. 40:967, carries a sentence of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years to be served without benefit of probation, parole, or suspension of sentence. In addition to imprisonment, the court may impose a fine of up to $50,000. Here, Defendant benefitted under his plea agreement with the State. First, rather than face multiple charges, the State dismissed all of Defendant's ancillary charges. Second, Defendant will serve his sentence concurrently with his sentence under docket number 05-1805. Further, the trial court suspended all but six years of Defendant's sentence. Also, Defendant was fined only $2,000 and ordered to pay another $2,000 in restitution.

Defendant argues that the trial court's sentence is an unconstitutionally excessive sentence. However, this offense was committed while Defendant was out on bond following his arrest for the offenses charged in docket number 04-288, three counts of distribution of cocaine. Additionally, after the Defendant was released on bond for the current offense, he was subsequently charged in docket number 05-1805 with possession of testosterone and possession of nandrolone. Considering Defendant's propensity to commit crime and his benefit under his plea agreement, we conclude that Defendant's sentence for possession with the intent to distribute cocaine is not excessive.

In his appeal, Defendant next raises an issue that was not argued before, or ruled upon by, the trial court. Specifically, Defendant argues that the trial court violated the rules on sentencing enhancement established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 961 (2004). Defendant contends that his sentence was imposed based on mistakes of fact that were not

4

admitted nor proven at trial. We find that Defendant failed to raise this issue before the trial court. However, we exercise our discretion under Uniform Rules—Courts of Appeal, Rule 1-3 and consider the issue. Nevertheless, we find this challenge to be meritless. Clearly, Defendant's sentence was not enhanced because it was not beyond the statutory maximum sentence. In *Apprendi*, the Supreme Court held that enhancing a sentence beyond the statutory maximum is unconstitutional if the facts involved have not been proven beyond a reasonable doubt. *Apprendi*, 530 U.S. 466. Moreover, the trial court did not amend the original sentence imposed through any sort of enhancement.

### Mitigating Factors

Defendant asserts that the trial court erred when it failed to consider, as a mitigating factor, the amount of drugs he possessed.

> The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So.2d 688 (La.1983); *State v. Dunn*, 30,767 (La.App. 2d Cir. 6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements, such as Defendant's personal history, prior criminal record, seriousness of offense and the likelihood of rehabilitation, were considered. See *State v. Jones*, 398 So.2d 1049 (La.1981); *State v. Haley*, 38,258 (La.App. 2d Cir. 4/22/04), 873 So.2d 747, *writ denied*, 04-2606 (La. 6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at sentencing. *State v. Jones*, 33,111 (La.App. 2d Cir. 3/1/00), 754 So.2d 392, *writ denied*, 00-1467 (La. 2/2/01), 783 So.2d 385.

*State v. Shirley*, 41,608, p. 4 (La.App. 2 Cir. 12/13/06), 945 So.2d 267, 270, *writ denied*, 07-1394 (La. 4/4/08), 978 So.2d 321.

5

Since there is no requirement that the amount of drugs involved in a drug transaction be given any particular weight, the trial court did not err when it failed to consider that Defendant sold small amounts of cocaine as a mitigating factor.

At sentencing, the trial court considered letters from Defendant's employer, pastor, and girlfriend, which attested to his hard work and his ability to reform. The trial court also reviewed Defendant's certified criminal history and considered his behavior while awaiting sentencing. Next, the trial court heard the testimony of Defendant's mother, Godmother, and girlfriend, who testified that Defendant is a good person who got mixed up with the wrong crowd. On cross-examination, the State introduced information about Defendant's recent criminal activity. Defendant also provided the trial court with letters requesting leniency, claiming he had learned his lesson. Yet, prior to sentencing, Defendant was released on bail twice and he was subsequently charged with this, and another drug related offense.

Following the witness testimony, the trial court stated it did not take drug dealing lightly and it was "of no moment" that Defendant was caught with small amounts of drugs. Further, despite the fact that Defendant did not have a felony record, he did have a fairly lengthy criminal history. The trial court also considered Defendant's benefit under his plea agreement. After considering all of this evidence, the trial court imposed its sentence upon Defendant. The trial court did not abuse its discretion in imposing its sentence.

**Errors Patent**

There are patent errors regarding the payment of the fine, the court costs, and investigation costs imposed as conditions of the Defendant's probation. At the sentencing hearing, the trial court stated, in pertinent part:

6

Under Docket # 04-1730, you will pay a fine of two thousand dollars, plus court costs, within twenty-four months of signing up for probation.

. . . .

During the period of time you are on probation with me you are going to pay to the 16th JDC ACL, Crime Lab Fund, under Docket # 04-228, you will pay them one thousand dollars for the cost of investigation.

Under 04-1730, you will pay them two thousand dollars for the cost of investigation.

When the fines and costs are imposed as a condition of probation, but the trial court is silent as to the mode of payment or the trial court attempts to establish a payment plan, this court has required a specific payment plan be established. *See State v. Theriot*, 04-897 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016 (fine, court costs, cost of prosecution); *State v. Fuslier*, 07-572 (La.App. 3 Cir. 10/31/07), 970 So.2d 83 (fine and costs); and, *State v. Console*, 07-1422 (La.App. 3 Cir. 4/30/08), 981 So.2d 875 (fine and court costs).

We view this procedure as no different from payment plans dealing with payment for restitution. *See State v. Dean*, 99-475 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, *writ denied*, 99-3413 (La. 5/26/00), 762 So.2d 1101 (restitution only); *State v. Reynolds*, 99-1847 (La.App. 3 Cir. 6/7/00), 772 So.2d 128 (restitution, fine, and costs); *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597 (restitution, fine, court costs, and reimbursement to Indigent Defender Board); and, *State v. Fontenot*, 01-540 (La.App. 3 Cir. 11/7/01), 799 So.2d 1255 (restitution, court costs and payments to victim's fund, Indigent Defender Board, and District Attorney).

Similarly, the payment to the crime lab fund to be paid during the probationary period was an insufficient payment plan, requiring remand to the trial court for establishment of a payment plan. The plan may either be determined by the

trial court or by Probation and Parole, with approval by the trial court. *See Stevens*, 949 So.2d 597.

## CONCLUSION

This court cannot say that the trial court manifestly abused its discretion when sentencing Defendant. We do not find that the trial court imposed an excessive sentence upon Defendant since the trial court did not have to give any particular weight to the amount of drugs and, further, Defendant's sentence was within the guidelines of the law. Because of the aforementioned reasons, Defendant's sentence is affirmed. We remand to the trial court for the imposition of a specific payment plan for the payment of fines and costs, including fees to the 16th Judicial District Court ACL Crime Lab Fund. The plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS**.