# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 07-127

**STATE OF LOUISIANA**

**VERSUS**

**ROBERT WAGNER, JR.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 04-228
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ULYSSES GENE THIBODEAUX**
**CHIEF JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.

                         **AFFIRMED AND REMANDED**
                         **WITH INSTRUCTIONS.**

**Honorable J. Phillip Haney**
**District Attorney, 16th Judicial District Court**
**300 Iberia Street - Suite 200**
**New Iberia, LA 70560**
**COUNSEL FOR:**
        **Plaintiff/Appellee - State of Louisiana**

**Jeffrey J. Trosclair**
**Assistant District Attorney, 16th Judicial District Court**
**St. Mary Parish Courthouse**
**Franklin, LA 70538**
**Telephone: (337) 828-4100**
**COUNSEL FOR:**
        **Plaintiff/Appellee - State of Louisiana**

**Sherry Watters**
**Louisiana Appellate Project**
**P. O. Box 58769**
**New Orleans, LA 70158-8769**
**Telephone: (504) 723-0284**
**COUNSEL FOR:**
    **Defendant/Appellant - Robert Wagner, Jr.**

**THIBODEAUX, Chief Judge.**

Defendant, Robert Wagner Jr., pled guilty to three counts of distribution of CDS Schedule II, cocaine. Defendant was sentenced to ten years imprisonment, with hard labor on each count of distribution of cocaine; all but four years were suspended. Defendant's sentences were to run concurrently with another sentence imposed in a separate docket number. Defendant was also sentenced to five years of supervised probation, fined $1,000 and ordered to pay a fee of $1,000 to the 16th Judicial District Court ACL Crime Lab Fund for the cost of the investigation. He appeals on the basis of excessiveness of sentence and failure of the trial court to properly consider mitigating factors. These claims are meritless. We, therefore, affirm. We also remand this case to the trial court to impose a payment plan for fines and costs, including payment to the Crime Lab Fund, imposed as a condition of probation consistent with *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597.

## ISSUES

The issues before this court are:

(1) whether the trial court failed to consider, as a mitigating factor, the small amount of cocaine in Defendant's possession?

(2) whether the trial court imposed unconstitutionally excessive sentence on Defendant?

## FACTUAL/PROCEDURAL BACKGROUND

On December 8, 2003, an undercover agent made contact with Robert Wagner Jr. and, on the same day, Wagner made three separate sales of cocaine to the agent. The first purchase was for $20 of cocaine. Later, Wagner again sold to the agent in the amount of $30. After noticing that the surveillance equipment on the

undercover car had not captured the second transaction, the agent again requested cocaine from Wagner. In the final transaction, Wagner sold the agent $7 of cocaine. The video surveillance equipment on the car successfully captured Wagner on tape. The agent later identified Wagner out of a six-person photo lineup as the man who sold him the cocaine.

The State filed a bill of information charging Defendant with three counts of distribution of CDS Schedule II, cocaine. On November 15, 2005, Defendant withdrew his former plea of not guilty and entered a plea of guilty to three counts of distribution of cocaine. On August 24, 2006, Defendant was sentenced to ten years imprisonment, with hard labor, on each count of distribution of cocaine; six years were suspended on each sentence. Defendant's sentences were ordered to run concurrently and with the sentence of possession with the intent to distribute cocaine in docket number 04-1730. In addition, Defendant was ordered to pay a fine of $1,000 and a fee of $1,000 to the 16th Judicial District Court ACL Crime Lab Fund for the cost of the investigation. Upon release from incarceration, Defendant was to be placed on supervised probation for five years. Defendant filed a Motion to Reconsider, arguing that the trial court had failed to consider the small amounts of drugs involved and that the sentence imposed on Defendant was excessive. The trial court denied Defendant's Motion to Reconsider and he now appeals.

## LAW AND DISCUSSION

Defendant raises two issues on appeal. First, that the trial court imposed an unconstitutionally excessive sentence on him and second, that the trial court failed to consider the mitigating factors under La.Code Crim.P. art. 894.1. Upon review, an appellate court may not set aside a sentence as excessive unless there was a manifest abuse of discretion by the trial judge. *State v. Lanclos*, 419 So.2d 475

2

(La.1982). Further, when reviewing excessive sentence claims, this court has stated

the following:

> La.Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of the sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La. App. 3 Cir. 10/13/99), 746 So.2d 124, *writ denied*, 00-0165 (La. 6/30/00), 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

*State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035,

1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.


**Excessiveness of Sentence**

To decide whether a sentence shocks the sense of justice or makes no

meaningful contribution to acceptable penal goals, this court has reasoned:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La. App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

Defendant pled guilty to three counts of distribution of CDS Schedule II, cocaine which, pursuant to La.R.S. 40:967(B)(4)(b), carries a sentence of imprisonment at hard labor for not less than two years nor more than thirty years, with the first two years to be served without benefit of probation, parole, or suspension of sentence. In addition to imprisonment, the court could have imposed a fine of up to $50,000. Here, Defendant benefitted under his plea agreement with the State. Rather than three consecutive ten-year sentences, Defendant will serve his sentences concurrently, reducing thirty years of imprisonment to ten years. Further, the trial court suspended all but four years of each sentence. Also, Defendant was fined only $1,000 and ordered to pay another $1,000 in restitution.

Defendant argues that the trial court's sentences are unconstitutionally excessive. In *State v. Raines*, 00-1941 (La. App. 5 Cir. 5/30/01), 788 So.2d 635, *writ denied*, 01-1906 (La. 5/10/02), 815 So.2d 833, the court found the defendant's sentence of ten years at hard labor for distribution of cocaine was not excessive, even though the defendant was a first offender. Similarly, in *State v. Simien*, 06-841 (La.App. 3 Cir. 1/31/07), 948 So.2d 1189, *writ denied*, 07-448 (La. 10/12/07), 965 So.2d 397, this court found the trial court had acted within its discretion, imposing a sentence for distribution of cocaine of twelve years at hard labor with the first two years to be served without benefit of probation, parole, or suspension of sentence, even though the defendant was a first offender. Considering Defendant's propensity to commit crime and his benefit under his plea agreement, we conclude that Defendant's sentences for distribution of cocaine are not excessive.

4

In his appeal, Defendant next raises an issue that was not argued before, or ruled upon by, the trial court. Specifically, Defendant argues that the trial court violated the rules on sentencing enhancement established in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *Blakely v. Washington*, 542 U.S. 961 (2004). Defendant contends that his sentences were imposed based on mistakes of fact that were not admitted nor proven at trial. We find that Defendant failed to raise this issue before the trial court. However, we exercise our discretion under Uniform Rules—Courts of Appeal, Rule 1-3 and consider the issue. Nevertheless, we find this challenge to be meritless. Defendant's sentences, clearly, were not enhanced because they were not beyond the statutory maximum sentence. In *Apprendi*, the Supreme Court held that enhancing a sentence beyond the statutory maximum is unconstitutional if the facts involved have not been proven beyond a reasonable doubt. *Apprendi*, 530 U.S. 466. Moreover, the trial court did not amend the original sentence imposed through any sort of enhancement.

**Mitigating Factors**

Defendant asserts that the trial court erred when it failed to consider, as a mitigating factor, the amount of drugs he possessed.

> The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. *State v. Smith*, 433 So.2d 688 (La.1983); *State v. Dunn*, 30,767 (La. App. 2d Cir. 6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The important elements, such as Defendant's personal history, prior criminal record, seriousness of offense and the likelihood of rehabilitation, were considered. See *State v. Jones*, 398 So.2d 1049 (La.1981); *State v. Haley*, 38,258 (La.App. 2d Cir. 4/22/04), 873 So.2d 747, *writ denied*, 04-2606 (La. 6/24/05), 904 So.2d 728. There is no requirement that specific matters be given any particular weight at

5

sentencing. *State v. Jones*, 33,111 (La.App. 2d Cir. 3/1/00), 754 So.2d 392, *writ denied*, 00-1467 (La. 2/2/01), 783 So.2d 385.

*State v. Shirley*, 41,608, p. 4 (La. App. 2 Cir. 12/13/06), 945 So.2d 267, 270, *writ denied*, 07-1394 (La. 4/4/08), 978 So.2d 321.

Since there is no requirement that the amount of drugs involved in a drug transaction be given any particular weight, the trial court did not err when it failed to consider that Defendant sold small amounts of cocaine as a mitigating factor.

The record reveals that at sentencing, the trial court considered letters from Defendant's employer, pastor, and girlfriend, which attested to his hard work and his ability to reform. The trial court also reviewed Defendant's certified criminal history and considered his behavior while awaiting sentencing. Next, the trial court heard the testimony of Defendant's mother, Godmother, and girlfriend, who took the stand to testify that Defendant is a good person who got mixed up with the wrong crowd. On cross-examination, the State introduced information about Defendant's recent criminal activity. Defendant also provided the trial court with letters requesting leniency, claiming he had learned his lesson. Yet, prior to sentencing, Defendant was released on bail twice and was subsequently charged with other drug-related offenses. Following the witness testimony, the trial court stated it did not take drug dealing lightly and it was "of no moment" that Defendant was caught with small amounts of drugs. Further, despite the fact that Defendant did not have a felony record, he did have a fairly extensive criminal history. The trial court also considered that Defendant benefitted from a plea agreement wherein his sentences would be served concurrently and several charges under separate docket numbers were dismissed. After considering all of this, the trial court imposed its sentence upon Defendant. We find no abuse of discretion in the sentence which was imposed.

**Error Patent**

There exists an error patent regarding the payment of the fine and the investigation costs imposed as conditions of the Defendant's probation. At the sentencing hearing, the trial court stated, in pertinent part: "Under Docket # 04-228, you will pay a fine of one thousand dollars."

When the fines and costs are imposed as a condition of probation, but the trial court is silent as to the mode of payment or the trial court attempts to establish a payment plan, this court has required a specific payment plan be established. *See State v. Theriot*, 04-897 (La.App. 3 Cir. 2/9/05), 893 So.2d 1016 (fine, court costs, and cost of prosecution); *State v. Fuslier*, 07-572 (La.App. 3 Cir. 10/31/07), 970 So.2d 83 (fine and costs); *State v. Console*, 07-1422 (La.App. 3 Cir. 4/30/08), 981 So.2d 875 (fine and court costs).

We view this procedure as no different from payment plans for *restitution*. *See State v. Dean*, 99-475 (La.App. 3 Cir. 11/3/99), 748 So.2d 57, *writ denied*, 99-3413 (La. 5/26/00), 762 So.2d 1101 (restitution only), *State v. Reynolds*, 99-1847 (La.App. 3 Cir. 6/7/00), 772 So.2d 128 (restitution, fine, and costs), *State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597 (restitution, fine, court costs, and reimbursement to Indigent Defender Board), and *State v. Fontenot*, 01-540 (La.App. 3 Cir. 11/7/01), 799 So.2d 1255 (restitution, court costs and payments to victim's fund, Indigent Defender Board, and District Attorney).

We, therefore, remand this case to the trial court for establishment of a payment plan for the fine, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. *See Stevens*, 949 So.2d 597.

Similarly, the trial court's ordering the payment to the crime lab fund during the period of probation is an insufficient payment plan. We also remand the case to the trial court for establishment of a payment plan for these costs, noting that the plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court. *See Stevens*, 949 So.2d 597.

## CONCLUSION

This court cannot say that the trial court manifestly abused its discretion when sentencing Defendant. We do not find that the trial court imposed excessive sentences upon Defendant since the trial court did not have to give any particular weight to the amount of drugs and, further, Defendant's sentences were within the guidelines of the law. Because of the aforementioned reasons, Defendant's sentence is affirmed. We remand this case to the trial court for the imposition of a payment plan for fines and costs, including payment to the Crime Lab Fund, as condition of probation. The plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**