NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

09-405

STATE OF LOUISIANA

VERSUS

THOMAS W. OAKS

**********
APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR-197-2008
HONORABLE STUART S. KAY, JR., DISTRICT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and
John D. Saunders, Judges.

AFFIRMED AND REMANDED.

David W. Burton
District Attorney - 36th Judicial District Court
P. O. Box 99
DeRidder, LA 70634
Telephone: (337) 463-5578
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Edward Kelly Bauman
Louisiana Appellate Project
P. O. Box 1641
Lake Charles, LA 70602-1641
Telephone: (337) 491-0570
COUNSEL FOR:
    Defendant/Appellant - Thomas W. Oaks

**THIBODEAUX, Chief Judge.**

Defendant, Thomas W. Oaks, appeals his plea of guilty to issuing worthless checks pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970) on the basis that there was no factual basis for the crime charged. The trial court denied his Motion to Reconsider Sentence. Defendant's motion for appeal seeks review of this denial.

For the following reasons, we decline to review Defendant's claim. We remand for the imposition of a specific payment of restitution plan.

## LAW AND DISCUSSION

Defendant contends the trial court erred in accepting his plea of guilty where there was no factual basis for the crime charged.

In his motion for appeal, Defendant sought review of the denial of his motion to reconsider sentence. Thus, the trial court entered an order permitting Defendant to seek review of the denial of that motion.

In *State v. Dupree*, 07-98 (La.App. 3 Cir. 5/30/07), 957 So.2d 966, the defendant appealed his sentence on the basis that it was excessive and the trial court entered an order of appeal solely regarding his sentence. This court found the defendant's claims attacking his conviction were not properly before this court for review and stated the following:

> There is jurisprudence which holds that an appellate court should consider assignments of error not filed with the trial court. However, Defendant assigns error with a judgment he did not appeal, his conviction. Accordingly, the three assignments of error which concern his conviction are not properly before this court and will not be addressed.

*Id*. at 967.

Based on this court's ruling in *Dupree*, Defendant's assignment of error is not properly before this court for review and shall not be considered.

# ERROR PATENT

The trial court erred in imposing an insufficient payment plan for payment of restitution. The trial court, as a condition of probation, ordered restitution to be paid to the victims in the amount of $2,504.49 on a payment plan to be set by the probation officer. When restitution is ordered as a condition of probation, a specific payment plan must be established; the plan may be determined by the trial court or formulated by Probation and Parole and approved by the trial court. *State v. Stevens,* 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597. *See also State v. Wagner*, 07-127 (La.App. 3 Cir. 11/5/08), 996 So.2d 1203 and 07-128 (La.App. 3 Cir. 11/5/08), 996 So.2d 1208. Consequently, we remand the matter to the trial court for the imposition of a specific payment plan for the payment of restitution. The plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court.

# CONCLUSION

Defendant's assignment of error is not considered because it is not properly before this court. However, we remand the matter to the trial court for the imposition of a specific payment plan for the payment of restitution. The plan may either be determined by the trial court or by Probation and Parole, with approval by the trial court.

**AFFIRMED AND REMANDED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.