NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

KA 11-1063

STATE OF LOUISIANA

VERSUS

JAVIER C. GONZALES

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
THIRTY-SIXTH JUDICIAL DISTRICT COURT
PARISH OF BEAUREGARD, NO. CR2010-254
HONORABLE MARTHA ANN O'NEAL, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**BILLY HOWARD EZELL**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS**

**David W. Burton**
**District Attorney**
**Richard Alan Morton**
**Assistant District Attorney**
**P. O. Box 99**
**DeRidder, LA 70634**
**(337) 463-5578**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
        **State of Louisiana**

**Mary E. Roper**
**Louisiana Appellate Project**
**830 Main Street**
**Baton Rouge, LA 70802-5597**
**(225) 387-6600**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Javier C. Gonzales**

**EZELL, Judge.**

Defendant, Javier C. Gonzales, was charged by a bill of information with one count of possession of a controlled dangerous substance, to wit: marijuana, with the intent to distribute, a violation of La.R.S. 40:966. On May 16, 2011, Defendant pled guilty to the charged offense. The trial court requested a "limited" presentence investigation report.

Defendant was sentenced on June 15, 2011, to five years at hard labor, with all but two years suspended and three years supervised probation upon release. Defendant filed a "Motion to Reconsider Sentence" on June 17, 2011. The motion was denied on the same date without written reasons.

Defendant has perfected a timely appeal. He argues that the five year sentence is excessive under the circumstances of his case and that the trial court erred when it refused to reconsider the sentence.

For the following reasons, we affirm the five-year prison sentence as imposed by the trial court.

## FACTS

Whereas Defendant pled guilty, there were no facts given at the guilty plea hearing. However, a Task Force Offense Report indicates that after being advised that Defendant was selling marijuana out of his home, officers went to Defendant's home. When Defendant answered the door, the officers asked him if he was selling marijuana. Defendant admitted he was and consented to a search of his home. Six ounces of marijuana were located in his freezer.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, there is one error patent.

The sentencing minutes provide that "a payment plan is to be established by the probation officer." A review of the transcript indicates the trial court did not order a payment plan. Accordingly, the transcript prevails. *State v. Wommack*, 00-137 (La.App. 3 Cir. 6/7/00), 770 So.2d 365, *writ denied*, 00-2051 (La. 9/21/01), 797 So.2d 62. When the fine, court costs, and fees are imposed as conditions of probation and the trial court is silent as to a payment plan, as in this case, this court has required a specific payment plan be established. *See State v. Wagner*, 07-128 (La.App. 3 Cir. 11/5/08), 996 So.2d 1208. Therefore, the matter is remanded to the trial court for establishment of a payment plan for the fine, fees, and court costs, noting that the plan may either be determined by the trial court or by probation and parole, with approval by the trial court. *See State v. Stevens*, 06-818 (La.App. 3 Cir. 1/31/07), 949 So.2d 597.

### ASSIGNMENTS OF ERROR

Defendant asserts two assignments of error, that the sentence imposed on the conviction for possession of marijuana with intent to distribute was excessive and that the trial court refused to reconsider the sentence.

In brief, Defendant argues that the trial court failed to take into consideration the fact that he was a twenty-three year old, first felony offender and that he had only resorted to selling marijuana after he had been out of work for a month without finding other employment.

This court discussed the standard of review applicable to claims of excessiveness in *State v. Bailey*, 07-130, p. 3 (La.App. 3 Cir. 10/3/07), 968 So.2d 247, 250, as follows:

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the

2

sentence makes no reasonable contribution to acceptable penal goals and[,] therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, 99-1528, p. 15 (La.5/16/00), 769 So.2d 1158, 1167 (citations omitted).

In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061 (citations omitted), this court discussed the factors it would consider in order to determine whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

Defendant pled guilty to one count of possession of marijuana with intent to distribute, a violation of La.R.S. 40:966, which in pertinent part provides for a range of punishment of not less than five nor more than thirty years imprisonment and a fine of not more than fifty thousand dollars. La.R.S. 40:966(B)(3). Defendant was sentenced to the minimum sentence of five years with all but two years suspended and a fine of $1,500.00, plus court costs. He was also ordered to serve three years supervised probation upon release.

Prior to sentencing, the trial court ordered a "limited" presentence investigation report. The trial court also received letters from both the State and defense counsel outlining the facts of the case and their positions as to what

3

sentence would be appropriate in this case and the basis for their recommendations. The trial court also received letters from prior employers and friends of Defendant who spoke of Defendant's good attributes and requested leniency. At the sentencing hearing, the trial court noted that it had reviewed the presentence investigation report and the comments from the State and defense counsel.

On June 17, 2011, Defendant filed a "Motion to Reconsider Sentence," wherein he argued the sentence was excessive compared to two other defendants who pled guilty on the same date to the same charge but received five years, suspended, with fifteen days and forty-five days jail time respectively. The trial court denied the motion without written reasons on the same date.

A trial court has vast discretion in imposing a sentence, and a sentence imposed within the statutory limits should not be set aside absent a clear showing of abuse of that discretion. *State v. Brown,* 02-1382 (La.App. 3 Cir. 4/2/03), 842 So.2d 1181, *writ denied,* 03-1224 (La. 11/7/03), 857 So.2d 491. *See also State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615 (1996), wherein the supreme court noted that the question is whether the trial court abused its discretion and not whether another sentence would have been more appropriate.

In *Brown*, this court did not find a five-year sentence imposed on a young, first felony offender, who was a paraplegic caught transporting twenty-eight pounds of marijuana was an abuse of discretion. This court noted that the charge had been reduced to attempted possession of marijuana with intent to distribute; accordingly, the defendant was exposed to fifteen years imprisonment but received only one-third of the potential term.

In *State v. Champagne*, 07-97 (La.App. 3 Cir. 5/30/07), 957 So.2d 962, this court affirmed a sentence of ten years imposed on a conviction for possession of

4

marijuana with intent to distribute. The defendant was a second felony offender—the prior felony also being a drug offense—but had led an "otherwise law-abiding life" and had five dependents at home. This court noted that the defendant had received only one-third of the potential term of imprisonment he could have received under the circumstances of his case.

The above offenders received only five and ten years imprisonment respectively for possessing several pounds of marijuana. In Defendant's case, he received five years imprisonment, with all by two years suspended, for possessing only six ounces of marijuana. However, as pointed out by the State, while the amount of marijuana in the above-referenced cases was significantly more than the six ounces found in Defendant's freezer, Defendant had told the officers that in the three or four months he had been selling the marijuana, he made eleven to twelve thousand dollars, which translates to a sizable amount of marijuana. Except for the fact Defendant is young and a first felony offender, he does not offer any other mitigating factor that was not put before the trial court.

The court finds there is nothing in the record before this court which indicates that the trial court abused its considerable discretion when it sentenced Defendant to five years imprisonment, three years suspended, with three years supervised probation, and a $1,500.00 fine. The sentence was minimal compared to what he could have received, and the sentence does not shock this court's sense of justice.

Accordingly, because there is no finding of abuse of discretion by the trial court, the trial court did not commit error when it denied Defendant's motion for reconsideration of the sentence without an evidentiary hearing.

## DISPOSITION

We affirm the sentence as imposed and remand the case to the trial court for establishment of a payment plan for the fine, fees, and court costs, noting that the plan may either be determined by the trial court or by probation and parole, with approval by the trial court.

**SENTENCE AFFIRMED; REMANDED WITH INSTRUCTIONS.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.